UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

KEITH STINSON,

                Plaintiff,                Case No. 2:14-cv-111

v.                                            Honorable Gordon J. Quist

UNKNOWN GALLAGHER,

                Defendant.
_____/

**OPINION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff has paid the entire filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

        Plaintiff Keith Stinson, a state prisoner currently confined at the Kinross Correctional Facility (KCF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Corrections Officer Unknown Gallagher. Plaintiff asserts that Defendant engaged in voyeurism, by attempting to watch him while he used the toilet. When Plaintiff complained about this conduct,

Defendant filed a retaliatory misconduct report on him. Plaintiff was found guilty of the major misconduct and was subjected to 30 days loss of privileges (LOP). Plaintiff states that Defendant violated his rights under the First and Fourteenth Amendments and seeks compensatory, punitive and nominal damages, as well as declaratory and injunctive relief.

### Discussion

  I.   Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility

standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).           Plaintiff alleges that Defendant violated his due process rights when she wrote a false misconduct ticket on him. Under Michigan law a prisoner is entitled to notice of a hearing, and the opportunity to present evidence and arguments. M.C.L. § 791.252. A hearing officer is not bound by state or federal evidentiary rules, but rather may consider "evidence of the type commonly relied upon by reasonably prudent persons in the conduct of their affairs." *Id.* Further, a hearing officer may deny a prisoner access to evidence that may pose a security concern if disclosed. *Id.* Plaintiff has failed to show that his constitutional rights were violated at his misconduct hearing.

Moreover, the hearing officer's conclusion that Plaintiff was guilty of the misconduct charge was supported by the record. In the reasons for finding, Hearing Officer Theut stated:

> Sexual Misconduct: Prisoner Stinson's request for prisoners Patton and Rashad are [sic] not relevant and would not prove or disprove the charge as prisoner Stinson does not deny writing the two page memo to the reporting officer. Prisoner Stinson on 5-15-12 at 0020 hrs wrote a two page statement adressed [sic] to Officer Gallagher. One of many statements stated she was obtaining sexual gratification from seeing sex organs; one who habitually seeks sexual stimulation by visual means. I find that these are words of a sexual nature directed at the reporting officer by prisoner Stinson in order to harass and degrade the reporting officer. Prisoner Stinson is not believed in his statement that he was just giving her notice because it was addressed

>to officer Gallagher and indicated that she engages in voyeurism by looking in the bathroom of prisoners.  I find that there is no credible eviidence [sic] that the reporting officer has lied or fabricated her statements.  Prisoner Stinson is not believed in his statement that this is just a complaint, it was not written on a grievance form and there is no need to give the reporting officer "Notice" however but was done to harass and degrade the reporting officer by his above written words.  The fact that prisoner Stinson was written a misconduct on 5-11-12 for a DDO is no defense to this charge as they occurred on different dates.  The reporting staff member is clear and detailed in her statements and found credible.  Charge sustained.

*See* Misconduct Hearing Report, docket #1-7, p. 2 of 2.

It is clear that Plaintiff received due process of law, and that he cannot support any claim that his constitutional rights were violated during the misconduct hearing.  Prison inmates subject to serious disciplinary action are entitled to (1) 24 hours advance written notice of the charges; (2) an opportunity to appear at a hearing, to call witnesses, and present rebuttal evidence when permitting the inmate to do so will not be unduly hazardous to institutional safety; and (3) a written statement by the factfinders as to the evidence relied upon for their decision which includes a statement as to the reasons for the decision.  *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974).  If the prisoner received these procedural protections, and if there were "some facts" to support the decision of the hearing officer, then the prisoner received all the process to which he was due.  *Superintendent of Mass. Institute, Walpole v. Hill*, 472 U.S. 445 (1985).  Plaintiff has failed to show that his constitutional rights were denied.

Plaintiff also states that Defendant Gallagher wrote the misconduct ticket in retaliation for Plaintiff's conduct in accusing Defendant of voyeurism.  However, as noted above, Plaintiff was found guilty of the misconduct after a hearing by Hearing Officer Theut.  Where plaintiff is ultimately found guilty of misconduct charges, plaintiff cannot state a claim for retaliation arising from the misconduct charges.  *Wilson v. Phipps*, No. 97-1661, 1998 WL 384560,

at *1 (6th Cir. June 18, 1998) (citing *Orebaugh v. Caspari*, 910 F.2d 526, 528 (8th Cir. 1990) (per curiam)).  Therefore, Plaintiff's retaliation claim is properly dismissed.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:  November 7, 2014              /s/ Gordon J. Quist
                                     GORDON J. QUIST
                                     UNITED STATES DISTRICT JUDGE